**IMG-050**                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3978
_____

LIANG ZHENG,
                          Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                          Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(A098-986-482)
Immigration Judge:  Honorable Miriam K. Mills
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 23, 2011
Before:  MCKEE, Chief Judge, SMITH AND GARTH, Circuit Judges

(Opinion filed: February 28, 2011 )
_____

OPINION
_____

PER CURIAM.

    Liang Zheng, a native and citizen of China, petitions for review of a final order of

removal.  We will deny the petition for review.

Zheng entered the United States in 2005 by surreptitiously crossing the Mexican border but was promptly apprehended and served with a Notice to Appear. Zheng conceded removability as an alien present without being admitted or paroled. In 2005, he applied for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. Zheng contends that he was persecuted in China, and fears future persecution, as a practitioner of Falun Gong, which he began in 2001 as a means to cure various stomach ailments. Zheng supplemented the written application in 2007 and submitted supporting documents, including medical records from China and an affidavit from his mother.

After an evidentiary hearing, an Immigration Judge ("IJ") determined that Zheng lacked credibility and denied relief. Among other things, the IJ observed that Zheng failed adequately to explain the omission from his written application of information regarding his detention by the police. While Zheng testified that the police detained him for two days in a basement for having practiced Falun Gong, and allegedly beat him with an electric baton, Zheng failed to mention these events in his written application.

Zheng appealed and challenged the adverse credibility determination. The BIA dismissed the appeal. Applying the REAL ID Act, the BIA found that the IJ properly based the credibility finding on omissions and inconsistencies between Zheng's testimony, his written applications, and the evidence of record. In particular, the BIA noted Zheng's failure to disclose in his applications the alleged two-day detention, and it noted that the letter from Zheng's mother also contained no information detailing the

2

detention. Additionally, Zheng's medical reports contradicted his testimony by revealing that Zheng began to receive treatment for his stomach ailments in 2002, whereas Zheng testified that the ailments had ceased in 2001 after he began practicing Falun Gong. The BIA found no persuasive explanation for the omissions and inconsistencies. Given the adverse credibility determination, the BIA held that Zheng failed to carry his burden of proof for asylum and withholding of removal, and it denied CAT relief because Zheng failed to show that it is more likely than not that he would be tortured in China. Zheng timely filed a petition for review in this Court.

We have jurisdiction under 8 U.S.C. § 1252(a)(1).[1] "In cases where the BIA has based its decision on the IJ's adverse credibility analysis, we may review both the BIA's opinion and the IJ's opinion." Thu v. Att'y Gen., 510 F.3d 405, 412 (3d Cir. 2007). "Adverse credibility determinations must be upheld if supported by substantial evidence, and can only be reversed if the evidence is such that a reasonable factfinder would be compelled to conclude otherwise." Id. (citation and quotation marks omitted). Because Zheng filed for asylum after May 11, 2005, the REAL ID Act applies, see Chukwu v. Att'y Gen., 484 F.3d 185, 189 (3d Cir. 2007), and it allows a trier of fact to base a credibility determination on inconsistencies, inherent implausibilities, inaccuracies, and other factors, without regard to whether they relate to the heart of the applicant's claim. See INA § 208(b)(1)(B)(iii).

---

[1] Because Zheng does not argue the CAT claim in his brief to this Court, we deem that issue waived and do not address it.

We find substantial evidence to support the decision to reject Zheng's credibility. In his updated I-589 application submitted in 2007, Zheng stated that, "[i]n February 2005, the police searched my home and forced me to sign[] a guarantee and promise that I would never practice Falun Gong." A.R. at 177. In contrast, Zheng stated in his oral testimony before the IJ that, in 2001, the police arrested him at home for practicing Falun Gong; they took him into custody for two days, where he was locked in a basement; the police hit him; they "used their electric baton … [to] strike my body," leaving scars; and they released Zheng after he signed a promise to discontinue Falun Gong. A.R. at 86-87. In addition to the discrepancy as to the year in which the arrest took place, the written asylum application omitted any detail regarding this incident. Indeed, Zheng made no reference at all prior to the merits hearing of having been locked in a basement for two days and assaulted with an electric baton.

These alleged facts are central to Zheng's claim that he was persecuted in China, and their omission supports the adverse credibility determination. See Xie v. Ashcroft, 359 F.3d 239, 243 (3d Cir. 2004). The record also supports the IJ's additional findings regarding the inconsistency between Zheng's medical records and his claims about when he suffered from his stomach ailments, and the inconsistency regarding the symptoms that Zheng suffered. As the BIA observed, Zheng offered no adequate explanation for these significant problems with his evidence.

We have fully considered Zheng's arguments on appeal, but he has not shown that

4

the record compels a contrary finding regarding his credibility. For the foregoing reasons, we will deny the petition for review.